[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10619
Non-Argument Calendar
_____

D.C. Docket Nos. 0:14-cv-62446-BB,
0:12-24619-JKO


In re: ALL AMERICAN TRAILER MANUFACTURERS, INC.,

Debtor.
_____-

PRO FINISH, INC.,

Plaintiff-Appellant,

versus

JOHN A. MOFFA,
assignee of the assignment Estate of
All American Trailer Manufacturers, Inc.,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 9, 2015)

Before WILLIAM PRYOR, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Pro Finish, Inc., appeals a judgment affirming an order that dismissed *nunc pro tunc* to April 30, 2013, the petition of All American Trailer Manufacturers, Inc., for bankruptcy. We directed the parties to file supplemental letter briefs addressing whether Pro Finish suffered an injury that gave it standing to challenge the *nunc pro tunc* order. After careful review, we answer that question in the negative. We vacate the judgment affirming the *nunc pro tunc* order and remand for the district court to dismiss for lack of subject matter jurisdiction.

## I. BACKGROUND

On June 15, 2012, All American Trailer filed a petition for relief under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 101 *et seq.* Pro Finish was the largest creditor of All American Trailer, after having obtained a default judgment against it in a Florida court for breach of contract and fraud.

The United States Trustee moved to dismiss or convert the petition. *See* 11 U.S.C. § 1112(b). Pro Finish attended a hearing on the motion on April 30, 2013, during which the Trustee and All American Trailer presented an agreement to dismiss the bankruptcy case. The bankruptcy court ruled that it would issue a writ of assistance and enter an order of dismissal. Later that day, an issue arose about whether all creditors had received notice of the hearing.

2

On May 1, 2013, the bankruptcy court re-noticed the Trustee's motion for a second hearing. During the interim, the bankruptcy court determined that all creditors had received notice. On May 2, 2013, Pro Finish recorded a judgment lien on the assets of All American Trailer.

On May 8, 2013, All American Trailer assigned its assets to John A. Moffa. Moffa filed a petition for assignment, *see* Fla. Stat. § 727.104, and Pro Finish objected. A Florida court dismissed Moffa's petition. Pro Finish then terminated its judgment lien against All American Trailer.

On June 4, 2013, during the second hearing on the Trustee's motion, the bankruptcy court agreed to make its order of dismissal effective as of April 30, 2013. On June 11, 2013, the bankruptcy court filed an order of dismissal that failed to mention an earlier effective date.

On April 15, 2014, Moffa moved to correct the order of dismissal to reflect that it was effective as of April 30, 2013. On September 2, 2014, the bankruptcy court filed an order that dismissed *nunc pro tunc* to April 30, 2013, the petition of All American Trailer for relief under Chapter 11. Pro Finish filed a motion for reconsideration, which the bankruptcy court denied.

Pro Finish appealed and argued that the bankruptcy court exceeded its authority by issuing the *nunc pro tunc* order. The district court ruled that the bankruptcy court did not abuse its discretion by entering a *nunc pro tunc* order to

3

clarify that it had dismissed the petition for bankruptcy during its hearing on April 30, 2013.

## II. STANDARD OF REVIEW

"We review *de novo* questions concerning our subject matter jurisdiction, including standing . . . ." *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006).

## III. DISCUSSION

The jurisdiction of federal courts is limited to actual cases and controversies. U.S. Const. Art. 3 § 2. "The standing doctrine is an aspect of this case or controversy requirement." *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 (11th Cir. 1991). To establish standing, an appellant must satisfy three requirements: an injury in fact, causation, and redressability. *Id.* at 1203–04. "The injury must be 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Id.* at 1204 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665 (1983)).

Pro Finish lacks standing to challenge the *nunc pro tunc* order. That order implemented an earlier ruling to dismiss the petition for bankruptcy of All American Trailer and did not affect the rights of Pro Finish as a creditor. When the bankruptcy court issued the *nunc pro tunc* order, a Florida court already had dismissed Moffa's petition for assignment of the assets of All American Trailer. We cannot speculate about what effect, if any, the *nunc pro tunc* order will have on

Moffa's enforcement of the assignment. *See Bowen v. First Family Fin. Servs.*, 233 F.3d 1331, 1340 (11th Cir. 2000) (observing that "a 'perhaps' or 'maybe' chance . . . [of an injury] is not enough to give . . . standing"). Pro Finish argues that it was prejudiced because the *nunc pro tunc* order issued after Pro Finish had released its judgment lien against All American Trailer, but any injury to the priority of Pro Finish as a creditor is attributable to its actions, not to the *nunc pro tunc* order. Because Pro Finish did not suffer any immediate, tangible harm that would give it standing to challenge the *nunc pro tunc* order, *see Cone Corp.*, 921 F.2d at 1204, its appeal is not fit for adjudication.

## IV. CONCLUSION

We **VACATE** the order affirming the *nunc pro tunc* order, and we **REMAND** for the district court to dismiss for lack of subject matter jurisdiction.